**UNITED STATES of America**

v.

**Robert Earl SAUNDERS, a/k/a John Robert Sanders et al., Appellant.**

**No. 19211.**

United States Court of Appeals, Third Circuit.

Argued Oct. 5, 1971.

Decided Nov. 15, 1971.

Adams, Circuit Judge, concurred in result.

J. Sherman McLaughlin, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

Samuel J. Orr, III, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, GANEY and ADAMS, Circuit Judges.

OPINION OF THE COURT

GANEY, Circuit Judge.

This is an appeal from a conviction of the appellant, Leonard Alfred Johnson and John Robert Sanders, for the crime of bank robbery in violation of Title 18, U.S.C.A., §§ 2113(a), 2113(d) and 2, by a jury. However, this appeal concerns only appellant, Leonard Alfred Johnson.

Before the trial the appellant moved to suppress the evidence of automobile ownership allegedly improperly admitted at trial by reason of an illegal search. The court denied appellant's motion.

At the trial the Government proved from various witnesses, including some from the Workingman's Savings and Loan Association of Pittsburgh, Pennsylvania, the following: Mary Kohl, an employee, testified she was robbed by an armed black man around midday who wore a dark maroon hat, a black and white checked raincoat and yellow rubber gloves. He was also wearing a turtleneck sweater which he pulled up and down over his face as he talked. After he had received the money from the bank the man ran from the bank through the door, up the street and got into a 1959 blue Chevrolet in which car another individual was seated who was driving the same.

At the time of the robbery, an agent of the Federal Bureau of Investigation was conducting a gambling investigation and had an individual under surveillance on the north side of Pittsburgh. While so engaged he received a call from Workingman's Savings and Loan Association that it had been robbed. While engaged in the gambling investigation he had noticed a 1968 Eldorado Cadillac which he recognized as belonging to one of the defendants, John Sanders, whom he knew from other police work, and which was parked a few blocks from the Savings and Loan Association. After going to the Savings and Loan Association and gathering all the information he could, he returned to the spot where Sanders' Cadillac was parked and saw that it was gone and in its place was a blue Chevrolet. The owner of which, he found later, was the appellant and looked almost identical to the vehicle which Mary Kohl had seen pull away from the Savings and Loan Association.

Immediately after the robbery, detectives of the Pittsburgh Police Department, monitoring a call concerning the robbery and responding thereto, while crossing a bridge enroute to the Savings and Loan Association, saw the defendant

Sanders and another individual in his 1968 Cadillac.

A search warrant was issued for the apartment of Sanders, which apartment was searched, and therein was found a dark maroon hat, later identified by Mary Kohl as looking like the hat which she had seen on the head of the robber, as well as a raincoat taken from the bedroom of Sanders identified by Mary Kohl as looking like the coat the robber wore, yellow rubber gloves found in Sanders' kitchen similar to those described by Mary Kohl, and a gun which Mary Kohl said looked like the gun used in the robbery. Additionally, a money wrapper was found with the initials MK, which was identified by Mary Kohl as being a wrapper for currency taken from her in the robbery, and United States currency, the serial numbers of which matched the currency taken from the Savings and Loan Association.

The Pittsburgh Police, coming to the Sanders apartment, met him on the street, told him of their mission and he invited them up to his apartment by leading the way up the steps into the same. The appellant, Johnson, was present in the Sanders apartment when it was searched and while no search warrant had issued or warrant of arrest for him, the Police took a jacket belonging to him which was lying on a chair and in which he told them was his owner's card showing him to be the owner of the car. However, this card was never offered into evidence at the trial and, additionally, the appellant agreed that the Chevrolet car in question was owned by him.

The appellant makes two points: (1) That the denial of appellant's motion to suppress the evidence of automobile ownership was improper by reason of an illegal search, and (2) That the proof presented against appellant, all circumstantial, was insufficient.

■ Suffice it to say that as to the first reason advanced by the appellant that the ownership card was taken from him by an illegal search, it was never offered into evidence at the trial and there was a stipulation by the appellant that the car belonged to him and, accordingly, on this score there was no prejudice to the appellant.

 As to appellant's second reason, a careful scrutiny of the evidence shows that, while a good deal of it was circumstantial, it was properly sufficient for the jury to pass upon and to warrant appellant's conviction. The record discloses neither evidence improperly excluded nor improperly admitted against the defendant and, accordingly, the judgment of the lower court will be affirmed.

ADAMS, Circuit Judge, concurs in the result herein reached.